# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| **SUN LIFE ASSURANCE COMPANY OF CANADA,** )<br>)<br>    Plaintiff,                                      )<br>)<br>vs.                                                 )<br>)<br>**LYNN GILBERT FOX, JR.,** individually and as      )<br>Trustee of the Life Insurance Trust dated June 9, 1999 and)<br>as a partner in **FOX INSURANCE PARTNERS;**        )<br>**FOX INSURANCE PARTNERS; ROY DALE FOX,** individually )<br>and as a partner in **FOX INSURANCE PARTNERS;** and )<br>**RANDAL BRENT FOX,** individually and as a partner in )<br>**FOX INSURANCE PARTNERS,**                         )<br>)<br>    Defendants.                                     ) | **Civil Action No.** _____ |

## COMPLAINT FOR INTERPLEADER

**COMES NOW** Sun Life Assurance Company of Canada ("Sun Life"), by and through its undersigned counsel of record, and pursuant to Rule 22 of the Federal Rules of Civil Procedure, files its Complaint in Interpleader against Defendants, Lynn Gilbert Fox, Jr. ("Lynn"), individually and as Trustee of the Life Insurance Trust dated June 9, 1999 (the "Trust") and as a partner in Fox Insurance Partners; the Fox Insurance Partners; Roy Dale Fox ("Roy"), individually and as a partner in Fox Insurance Partners; and Randal Brent Fox ("Randal"), individually and as a partner in Fox Insurance Partners (collectively, "Defendants"). Pursuant to this Complaint in Interpleader, Sun Life seeks a determination as to the proper payee with respect to the proceeds of Sun Life policy number 020068738, which insured the life of Mildred I. Fox in the face amount of One Million Dollars (the "Policy"). In support hereof, Sun Life states as follows:

## PARTIES

1. Sun Life is a company organized and existing under the laws of Canada, with its principal place of business in the United States located in Wellesley Hills, Massachusetts. Therefore, Sun Life is citizen of Canada and Massachusetts.

2. Upon information and belief, Fox Insurance Partners is a general partnership formed by brothers Lynn, Roy, and Randal under the laws of State of Tennessee on or about June 15, 1999 for the primary initial purpose of owning one or more life insurance policies on the life of their mother, Mildred I. Fox, and for the purpose of acquiring, owning, holding, and disposing of other real and personal property. Upon information and belief, Lynn, Roy, and Randal are equal partners in Fox Insurance Partners.

3. Upon information and belief, Lynn Fox is an adult resident and citizen of Franklin, Tennessee, Trustee of the Trust, a partner in Fox Insurance Partners, and a son of the late Mildred I. Fox.

4. Upon information and belief, Roy Fox is an adult resident and citizen of Franklin, Tennessee, a partner in Fox Insurance Partners, and a son of the late Mildred I. Fox.

5. Upon information and belief, Randal Fox is an adult resident and citizen of Franklin, Tennessee, a partner in Fox Insurance Partners, and a son of the late Mildred I. Fox.

## JURISDICTION AND VENUE

6. Jurisdiction is proper pursuant to 28 U.S. Code § 1332 because the amount in controversy in this interpleader action exceeds the sum of $75,000.00, exclusive of interest and costs, and Sun Life and the Defendants are citizens of different States.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because all of the Defendants are residents of Tennessee and are located within the Middle District.

## COMPLAINT FOR INTERPLEADER

8. In an application dated September 26, 2001 (the "Application"), Lynn Fox, as Trustee of the Trust, applied to Sun Life for a life insurance policy insuring the life of Mildred I. Fox in the face amount of Two Million Six Hundred Thousand Dollars. The Application, which was signed by Mildred I. Fox as the proposed insured and "Lynn Fox, Trustee" as the applicant/owner, identified the Trust as the Policy owner and indicated the Trust was established in Tennessee and created on June 9, 1999. The Application also indicated that Mildred I. Fox had an existing policy issued by Northwestern Mutual Life Insurance Company in the amount of Two Million Dollars that the Sun Life policy was intended to replace via a 1035 exchange. A true and correct copy of the Application (with confidential information redacted) is attached hereto as Exhibit A.

9. In conjunction with the Application, Sun Life was informed that Mildred I. Fox had established a life insurance trust in June 1999 and purchased a Northwestern Mutual Life Insurance policy, and that she sought to reduce her premium or increase the benefit with the replacement policy from Sun Life. Sun Life also received a "Verification of Trust" form dated September 26, 2001 and signed by Lynn Fox as Trustee, which identified the Trust as the "Life Insurance Trust dated June 9, 1999" and attested, among other things, to the fact that a valid trust had been established. A true and correct copy of the Verification of Trust is attached hereto as Exhibit B.

10. On October, 31, 2001, based on the Application, Sun Life processed the 1035 exchange from Northwestern Mutual Life Insurance Company and issued the Policy with an original face amount of Two Million Six Hundred Thousand Dollars naming Mildred I. Fox as the insured and "Life Insurance Trust DTD 6/9/99, Lynn Fox, Trustee" as the Policy owner and beneficiary. A true and correct copy of the Policy (with confidential information redacted) is attached hereto as Exhibit C.

11. Mildred I. Fox and Lynn Fox, Trustee signed duplicate "Life Insurance Policy Dating Acknowledgement and Delivery Receipt Forms" dated November 6, 2001, acknowledging they had "received, reviewed and accepted" the Policy. The forms identified Mildred I. Fox as the insured; the Policy number as 020068738; the "Life Insurance Trust DTD 6/9/99" as the Policy Owner; and November 28, 2001 as the Policy Effective Date. True and correct copies of these forms are attached hereto as Exhibit D.

12. In connection with the Policy, Sun Life received a Form W-9 signed by Lynn and dated November 6, 2001, which identified Lynn as the "Trustee for Life Insurance Trust" and listed a taxpayer identification number for the Trust. A true and correct copy of the W-9 Form (with confidential information redacted) is attached hereto as Exhibit E.

13. On May 20, 2002, Sun Life recorded an "Ownership Change Request" to transfer ownership of the Policy from the Trust to Fox Insurance Partners. A true and correct copy of this form is attached hereto as Exhibit F.

14. In a letter dated May 21, 2002 addressed to Lynn at Fox Insurance Partners, Sun Life confirmed that ownership of the Policy had been changed from the Trust to the Fox Insurance Partners. The letter identified the Policy beneficiary as the "Life Insurance Trust

Dated 6/9/99, Lynn Fox Trustee" and informed the new owner that a "Beneficiary Change Request" form was enclosed if the Policy owner wished to change the Policy beneficiary. A true and correct copy of the May 21, 2002 letter (with confidential information redacted) is attached hereto as Exhibit G.

15. In December 2002, Sun Life received a form dated December 10, 2002, requesting a reduction of the face amount of the Policy from Two Million Six Hundred Thousand Dollars to One Million Dollars. The form identified the Policy owner as the Trust and was signed by "Lynn Fox, Trustee" in both the section of the form designated for the owner and the "irrevocable beneficiary." A true and correct copy of the form (with confidential information redacted) is attached hereto as Exhibit H.

16. In a letter dated December 16, 2002 addressed to Fox Insurance Partners to Lynn's attention, Sun Life indicated that the request to decrease the face amount of the Policy to One Million Dollars had been received; that a partial surrender charge would be deducted from the current account value of the Policy; and that in order for the request to be processed, a signed copy of the letter would have to be returned to Sun Life. A true and correct copy of the December 16, 2002 letter (with confidential information redacted) is attached hereto as Exhibit I.

17. Notwithstanding that the Policy owner had been changed to the Fox Insurance Partners, in a written submission by Lynn to Sun Life dated February 17, 2003, Lynn identified the Policy owner as "Lynn Fox, Trustee" and requested a premium modal change for the Policy. A true and correct copy of the February 17, 2003 submission (with confidential information redacted) is attached hereto as Exhibit J.

18. On or about March 13, 2003, Sun Life received a copy of its December 16, 2002 letter addressed to Fox Insurance Partners, counter-signed by "Lynn Fox" on March 10, 2003. Accordingly, the Policy face amount was reduced to One Million Dollars, which was confirmed in a letter dated June 5, 2003 from Sun Life to Lynn c/o Fox Insurance Partners. A true and correct copy of the counter-signed letter dated December 16, 2002 (with confidential information redacted) is attached hereto as Exhibit K.

19. On September 1, 2018, the insured, Mildred I. Fox, died. At the time of Mildred I. Fox's death, the beneficiary of record for the Policy was the "Life Insurance Trust Dated 6/9/99, Lynn Fox Trustee." Fox Insurance Partners never requested that the beneficiary of the Policy be changed prior to the insured's death. The Policy provides that Sun Life will pay the Policy proceeds to the named beneficiary on file at the time of the insured's death.

20. Notwithstanding the foregoing, Sun Life now has been advised by Fox Insurance Partners that the Trust was never created and that the Fox Insurance Partners was intended to be both the owner and the beneficiary of the Policy.

21. Sun Life is able and prepared to issue the Policy proceeds but is uncertain as to the proper payee of the proceeds because the designated beneficiary of the Policy is the "Life Insurance Trust Dated 6/9/99, Lynn Fox Trustee," the existence of which was previously verified by Mildred I. Fox and Lynn, as Trustee, and on behalf of which actions were taken, including execution of the 1035 exchange from Northwestern Mutual Life Insurance Company to Sun Life, but which Sun Life now has been advised does not exist.

22. Sun Life is at risk of incurring double liability if it distributes the Policy proceeds to either the Trust or Fox Insurance Partners. If it distributes the proceeds to Lynn, as Trustee

of a Trust that was never created, Lynn may not have the legal right to receive the proceeds, and further, Sun Life would be exposed to potential liability to Fox Insurance Partners. Alternatively, if Sun Life distributes the Policy proceeds to Fox Insurance Partners, then Sun Life would be exposed to potential liability from the beneficiary(ies) of the Trust. Even if the beneficiary of the Trust is the Fox Insurance Partners, this does not allow Sun Life to breach its contractual obligation to pay the Trust, as the named beneficiary of the Policy proceeds, by paying the Policy proceeds to Fox Insurance Partners.

23. Sun Life is prepared to immediately pay the Policy proceeds into the registry of this Court and seeks an Order from this Court permitting and directing it to do so.

24. Unless potentially adverse and conflicting claims to the Policy proceeds are disposed of in a single proceeding pursuant to an appropriate Order from this Court, Sun Life is subject to multiple litigation and is at a substantial risk of suffering multiple liability and/or inconsistent rulings as to its liability for same.

25. Sun Life seeks by way of this Complaint in Interpleader certainty regarding the Defendants' respective rights to the Policy proceeds.

26. Based on the foregoing, there is presently an actual and justiciable controversy and actual and/or potential conflicting claims with respect to the Policy proceeds.

27. Sun Life is an indifferent and innocent stakeholder and is entitled to interpleader relief.

28. By bringing this interpleader action, Sun Life does not hereby waive, and Sun Life expressly reserves, the right to defend any claims that might be asserted against it, and to

7

assert any claims against any of the Defendants if Sun Life's request for interpleader relief is denied.

**WHEREFORE**, Sun Life respectfully requests the Court to:

(a) permit and direct Sun Life to pay the Policy proceeds into the Court registry;

(b) direct each of the Defendants to assert his or its respective claim to the Policy proceeds in this action and no other proceeding;

(c) determine the proper payee with respect to the Policy proceeds;

(d) discharge Sun Life from any and all liability in connection with, arising out of, or related to the Policy proceeds as to all persons and entities and from further participation in this action;

(e) award Sun Life reasonable costs and reasonable attorneys' fees incurred by it in bringing this action, to be deducted from the Policy proceeds; and

(f) grant such other and further relief as this Court deems appropriate.

Respectfully submitted,

LEWIS THOMASON

By: /s/ J. Wallace Irvin
    J. Wallace Irvin         TN BPR No. 26393
    Lawrence F. Giordano    TN BPR No. 6104
    424 Church Street, Suite 2500
    Nashville, Tennessee 37219
    (615) 259-1366
    (615) 259-1389 (facsimile)
    wirvin@lewisthomason.com
    lgiordano@lewisthomason.com

*Attorneys for Sun Life Assurance Company of Canada*